# 438

## NISWONGER et v BOWERS

Ohio Appeals, 2nd Dist, Darke Co

No 524.   Decided Dec 13, 1937

Tom Billingsley, Greenville, for plaintiff-appellant.

Hugh Staley, Prosecuting Attorney, Greenville, for defendant-appellee.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined on appeal on questions of law and fact from the judgment of the Court of Common Pleas of Darke County, Ohio.

The petition seeks an injunctive order against the defendant as county treasurer of Darke County, Ohio, restraining him from collecting or attempting to collect from the plaintiff taxes heretofore assessed against the stock of the First National Bank of Pittsburg, Ohio, for the years 1928. 1929, and 1930 and further praying that on final hearing said attempted assessments be declared and adjudged to be invalid, illegal and void.

The case was submitted on the pleadings, agreed statement of facts and briefs.

The agreed statement of facts stipulates that all the pleadings and entries filed in the case of the First National Bank of Pittsburg against a former treasurer of Darke County, being case No. 25494 may be made a part of the record and considered as an exhibit in the case. We do not find these papers supposed to be attached as exhibits, but in our judgment, they are not necessary to a final determination of the case.

Some years following 1930, the First National Bank of Pittsburg, Ohio, was closed by order of the comptroller of the currency and proceedings followed looking towards the liquidation of the bank. After a time, the acceptable assets of the bank were sold to another organization desiring to have an operating bank in this location.

Assets of questioned value and not sold, were turned to the present trustees. The trustees were selected by the stockholders, this being the authorized step under the Federal law. In order to assure the depositors a full 100% dividend, the stockholders made a 25% payment on their double stockholders liability with the provision that they would pay an additional amount, if and when called.

The call was afterwards made for the full 100% double liability and with the exception of a small amount payment has been made. All depositors and other creditors of the bank have been paid in full with the exception of the taxes involved in this action.

Since the institution of the present action, John Riesley has been appointed as liquidating agent for the First National Bank of Darke County and by proper entry. he has been substituted as plaintiff in place and instead of C. O. Niswonger and Charles I. Wagner.

The taxes in question were levied under and by virtue of §§5672 and 5673 GC. During these years, the bank in conformity to these sections made returns and the taxing officers of Darke County made the assessments for the respective years. These taxes were in fact assessed against the stock and not against the bank itself. Under the provision of the Code, the bank was made a collecting agency, with directions to pay and authorized to charge against dividends due and payable to the stockholders. So far as we are advised, during the periods of these returns, the bank was solvent. Whether or not it paid dividends, we do not know. Banks generally throughout the state very seriously questioned the state's right to impose taxes under this method. The claim was made that it was in violation of the Constitution of the United State. Very generally payments were deferred pending test cases in the various courts. The Supreme Court of the United

States finally determined that the imposition of these taxes did not violate any provision of the United States Constitution.

In Ohio the test case in the Federal Court was that of Bank v Treasurer of Franklin County, Ohio. The original action in the District Court was in injunction. Upon hearing the county treasurer was enjoined from collecting taxes. The cause was carried to the U. S. Circuit Court of Appeals and there reversed and remanded for further proceedings. Hoenig, County Treasurer v Huntington National Bank of Columbus, Ohio, 59 Federal Reporter, 2nd Series, page 479.

This decision is determinative of the question involved in the instant case, unless the fact is that the assets of the bank were not sufficient to pay the deposit creditors. We understand that the fact to be that the assets now in the hands of the liquidating agent arise solely through the collection of the 100% stockholders' double liability. We are unable to find any reason why this situation should in any way effect the question of liability. This statement is made on the theory that so far as is shown from the record, the bank was solvent and the returns properly made at the time made. The mere delay in payment until such time as the bank became insolvent and under forced liquidation consumed all its assets in payment of other liabilities did not relieve it of this tax obligation, held to be regular in its levy and a binding obligation at the time the assessments were made.

We have been favored by the very able opinion of the trial court. It presents evidence of much study and careful analysis. We agree with the conclusion therein, in its entirety.

Plaintiff's petition will be dismissed and costs will follow the judgment.

Entry may be drawn accordingly.

HORNBECK and GEIGER, JJ, concur.