**NISWONGER et, etc. v BOWERS**

Ohio Appeals, 2nd Dist, Darke Co

No 577. Decided Jan 29, 1941

T. A. Billingsley, Greenville, for John Riesley, liquidating agent.

Hugh A. Staley, Prosecuting Attorney, Greenville, for F. C. Brewer, county treasurer.

**OPINION**

By GEIGER, J.

In this matter there have been so many hearings and opinions rendered by different judges, and the issues have been stated so often that we will not now repeat them, except in the briefest outline.

The matter is at present before this Court on an assignment of error by F. C. Brewer, as County Treasurer. The error complained of is that of the Court in refusing to make an order compelling the plaintiff, John Riesley, liquidating agent of the First National Bank of Pitsburg, to satisfy the judgment which has heretofore been rendered in favor of the predecessor in office of the present county treasurer.

The case is here on an appeal from the decision of the Court of Common Pleas of Darke County refusing to issue an order in aid of execution to enforce the judgment heretofore rendered.

It is not necessary to recite the facts that preceded and led up to the question now at issue, which is, has the Court of Common Pleas of Darke County authority to enforce the judgment which it has rendered in favor of the county treasurer, or whether it lacks that authority by reason that the matter is now exclusively within the jurisdiction of the Federal Court? This particular phase of the case was passed upon by Judge Nevin, rendering an opinion under date of November 8, 1938, passing upon a motion filed in the District Court for the Southern District of

Ohio, Western Division, asking that that Court make an order ordering the liquidating agent to satisfy the judgment. In that motion the Prosecuting Attorney recites that the treasurer secured a judgment against John Riesley, as liquidating agent, in the sum of $1369.27; that said judgment was affirmed by the Court of Appeals and remains unsatisfied and that the liquidating agent has funds in his hands to satisfy the judgment and costs in full. Judge Nevin in his opinion held that, while the liquidating agent does to some extent operate under the direction of the District Court, such "operation" is very limited in that the District Court can be called upon to act only where a question arises as to selling, compromising or compounding the debts **due to** such bank. Judge Nevin further held that the liquidating agent is not an officer of the District Court nor are the assets in his hands brought into or placed under the control of the District Court. It is stated that the Court is of opinion that it has no right or authority or jurisdiction to order liquidating agents to satisfy the judgment, and no right or authority to grant the prayer of the liquidating agent asking advice of the District Court and no right or power to direct the liquidating agent that there is no suit or action pending in the District Court wherein it can give judgment either for or against the liquidating agent.

Thereupon a proceeding in aid of execution was instituted in the Common Pleas Court in which it is alleged that a judgment was recovered against John Riesley as liquidating agent of the First National Bank of Pitsburg in the sum of $1369.27.

It is stated in said motion that the judgment is unsatisfied and that there is no property subject to levy. The county treasurer moves for an order requiring John Riesley as such liquidating agent to appear and answer concerning the same. Thereupon the matter came on for hearing before the Court of Common Pleas, and thereafter on February 13, 1940, that Court found that Riesley as liquidating agent of the bank is engaged in liquidating the same under the provision of the National Banking Act, and, therefore, is under the orders and direction of the United States District Court for the Southern District of Ohio in all matters pertaining to such liquidation and that, therefore, this Court does not have jurisdiction to grant the relief to the defendant as prayed for in his proceeding in aid of execution. It is ordered that the proceeding in aid of execution be dismissed. Notice of appeal was given to this Court by the treasurer.

When the original action in which judgment was sought was before this Court for review. in the case of **Niswonger v Bowers, 26 Abs 438**, Barnes, J., delivering the opinion of the Court, stated that the taxes were in fact assessed against the stock and not against the bank itself. Under the provision of the Code the bank was made a collecting agency, with direction to pay an authorized charge against dividends due and payable to the stockholders. This matter seems to have been lost sight of by the trial court. The action was one to recover taxes against the stockholders, which is permitted by the statute, and the bank is authorized to pay and collect the same from the several stockholders. The tax is not levied against any asset belonging to the bank, but assets belonging to the stockholders. Riesley, as liquidating agent, has in his possession certain assets which came into his control by virtue of the federal statute. A double liability was assessed and all the debts of the bank have been paid except the taxes in question. If these taxes are not now paid by the liquidating agent, they will, no doubt, be returned to the several stockholders whose double liability contributed to the fund. We see no reason why a Court of Common Pleas which rendered the judgment, has not authority to entertain a proceeding in aid of execution in order that a judgment may be paid out of money in the hands of the liquidating agent. Judge Nevin has definitely held that the District Court has no author-

ity in reference to the distribution of this fund and if that be true. and if it likewise be true that the Court of Common Pleas has no jurisdiction to sequester the fund in the hands of the liquidating agent, because the matter is in the District Court, then, clearly, the treasurer stands to lose the judgment which he has secured against the liquidator as representing those who were stockholders at the time the tax was levied. This, it seems to us, is not justified by the law under the several decisions to which we have referred.

We conclude that the Court of Common Pleas was in error in its judgment entered on the 13th day of February, 1940, which is reversed and the cause remanded to that court with instructions to determine the proceeding in aid of execution heretofore issued out of that court.

Judgment accordingly.

The decision of this case was delayed to some extent by reason of withheld briefs which were filed by the liquidating agent on November 30, 1940, the oral argument being made on October 20, 1940.

HORNBECK, PJ. & BARNES, J., concur.